THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>BASIN MASONRY, INC.; VANKO GROUP LLC D/B/A BLONJ EXTERIOR CONTRACTORS; BONNEVILLE CAULKING & WATERPROOFING LLC; BOSWELL WASATCH MILL, LLC; C.E.M MAINTENANCE, INC. D/B/A CEM AQUATICS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>Case No. 2:24-cv-00818-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion for Extension of Time to File Motion to Amend Pleadings and Motion to Join Additional Parties.[1] Plaintiff seeks to modify the Scheduling Order under Fed. R. Civ. P. 16. As set forth herein, the court will grant the motion.[2] Plaintiff is given 60 days from the date of this order to file a motion to amend pleadings or join additional parties.[3]

This case arises out of an apartment construction project that ended up having problems. This includes allegations that many of the subcontractors on the project, which are Defendants in this matter, performed defective work leading to significant property damage. Eventually

---

[1] ECF No. 95. This matter is referred to the undersigned from Judge Ann Marie McIff Allen pursuant to 28 U.S.C. § 636 (b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 4.

[2] The court elects to decide the Motion based on the written memoranda. DUCivR 7-1(g) (2024).

[3] Plaintiff originally sought an extension of time until September 16, 2025. However, given the timing of the parties' pleadings regarding the motion, that date is no longer applicable. Hence the court will modify the requested deadline.

inquiries were made regarding Defendants' duty to defend and indemnify Plaintiff and Ascent who was the general contractor on the project. Plaintiff demanded that each of the "Defendants here forward a 2022 Tender Letter to their respective insurance carries and provide a copy of Defendants' applicable insurance policies."[4] To date, it appears based on the record, that none of the Defendants have provided copies of their insurance policies. Plaintiff asserts it needs this information to ascertain whether additional parties need to be added or whether an amended complaint needs to be filed.

The original scheduling order set a deadline of June 1, 2025, to move to amend the complaint or add parties. On June 18, 2925, the court granted Plaintiff's partially unopposed motion extending these deadlines to July 16, 2025. On July 16, 2025, Plaintiff filed its second request for an extension of time for these deadlines.

The decision concerning whether to amend a schedule is governed by Federal Rule 16. Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent."[5] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[6]

Plaintiff argues it has been diligent in trying to obtain the needed information from Defendants. In support, Plaintiff points to multiple emails and contacts with the respective Defendants on multiple occasions seeking copies of Defendants' insurance policies and investigating potential claims against Defendants' insurance carries. In contrast, Defendants

---

[4] COMBINED REPLY TO DEFENDANTS' OPPOSITIONS TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A MOTION TO AMEND PLEADINGS AND MOTION TO JOIN ADDITIONAL PARTIES at 3, ECF No. 112.

[5] Fed. R. Civ. P. 16(b)(4).

[6] *Golden v. Mentor Cap., Inc.*, No. 2:15-CV-00176-JNP, 2017 WL 5151350, at *2 (D. Utah Nov. 3, 2017) (citation modified).

oppose Plaintiff's Motion, arguing Plaintiff failed to show good cause and Defendants would be prejudiced if the court grants the motion.[7]

The court finds Plaintiff has shown good cause for the requested extension. Defendants cannot withhold information and then use that withholding to derail Plaintiff's case. Moreover, Defendants' assertions of prejudice based on "needlessly complicat[ing] the present case" if the extension is given are unfounded.[8] Rather, it is just as likely that information regarding Defendants' insurance policies and carriers may lead to reducing the number of Defendants in this case via settlement.

Plaintiff's Motion is therefore GRANTED.[9] Plaintiff shall have 60 days from the date of this order to file a Motion to Amend Pleadings and Motion to Join Additional Parties.

IT IS SO ORDERED.

DATED this 24 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[7] Defendant Comfort Solutions, LLC filed a substantive opposition, ECF No. 100, that the other Defendants join in and incorporate by reference Comfort Solutions arguments. ECF No. 101, 102, 103, 105, 108, 109, 110, and 111.

[8] Opposition at 5, ECF No. 100.

[9] ECF No. 95.